**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**LEROI W. BRADLEY,**

               **Plaintiff,**


     **vs.**                                 **Civil Action 2:15-cv-3056
                                          Judge Marbley
                                          Magistrate Judge King**


**TIM BUCHANAN, *et al*.,**

               **Defendants.**


<u>**REPORT AND RECOMMENDATION**</u>


Plaintiff, a state prisoner currently incarcerated in the Noble Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

Plaintiff alleges that he suffered an injury to his thumb, which required nine (9) stitches, when he tried to move an "industrial style fan" at the institution. He specifically alleges that "[t]he protective shroud that covers the rotating fan blades was not properly attached or secured to the" fan. *Complaint*. Plaintiff seeks monetary damages for "the unnecessary pain and suffering that [he] endured as a result of the defendant's [sic] negligence in failing to properly provide a safe environment. . . ." *Id.* Named as defendants are the Warden of the institution, a Unit Manager, and the Health and Safety

Officer. This Court concludes that the *Complaint* fails to state a claim upon which relief can be granted.

Prison officials must "take reasonable measures to guarantee the safety of inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). Prison officials may be held liable for an injury sustained by an inmate only if the officials know that the inmate faces substantial risk of serious harm and nevertheless displayed "deliberate indifference" to the inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The test for determining deliberate indifference based on conditions in a prison requires, *inter alia*, a showing that prison authorities knew of, and manifested deliberate indifference to, the inmate's serious needs. *Id.* Put another way, a prison official can be held liable only if he or she knows that the inmate faces a substantial risk of serious harm and fails to take reasonable measures to abate the risk. *Id.* at 847. More than negligence or a lack of due care on the part of the prison official is required in order to satisfy the subjective component of a deliberate indifference claim. *Id.* at 835.

The *Complaint* does not allege that any of the defendants knew of a defect in the fan serious enough to cause serious injury to an inmate and yet failed to take reasonable measures to correct that defect. Rather, the *Complaint* refers only to the defendants' alleged "negligence." That allegation is insufficient to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

It is therefore **RECOMMENDED** that this action be dismissed,

pursuant to 28 U.S.C. §§ 1915(e), 1915A, for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which

fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


                                    s/Norah McCann King
                                     Norah McCann King
                        United States Magistrate Judge

December 7, 2015